By the Court.
 

 The question presented is one rather of fact than of law; and while there is some dispute upon essential matters relating to the offer of purchase and the transaction following, both the lower courts found those issues in favor of the plaintiff and granted him relief. We do not think the record discloses any intentional fraud committed by plaintiff in representing the Clermont county farm as one
 
 containing 150 acres more or less.
 
 His willingness to make a rebate for the amount of deficiency evidences that fact. The phrase “more or less” and its construction is treated at some length in 27 Ruling Case Law, 439, Section 152. Many cases in connection with the following text are there cited where relief has been denied or granted where such a phrase, or one of similar import, has been used.
 

 “The use therefore of the phrase ‘more or less’ or others of like import in connection with a statement of the quantity or acreage does not itself show that an
 
 *451
 
 absolute contract of hazard was intended by the parties so as to deny the right to equitable relief in ease of a large excess or deficit. No attempt is made, however, in the cases to fix definitely the variation reasonably to be deemed within the qualification. This depends. largely on the circumstances of the particular case, and in its final aspect, in so far as relief is to be granted or withheld, on the major element as to whether the sale in view of the other circumstances is to be deemed in gross or by the acre. It is therefore thought best to give in the notes cases in which qualifying phrases of this character have been discussed, showing the amount of the excess or deficit and the result reached.”
 

 There is no hard and fast rule applicable to all cases, since, as stated in the foregoing text and shown by the cited cases, relief depends largely on the circumstances of each particular or distinctive case in determining whether the sale should be considered to be one in gross or by the acre. In the case at bar, the acreage value was evidently much less than the value of the buildings constructed on the farm. The sum payable to the seller was a lump sum, nearly one-half of which was to be paid by exchange of defendants’ Norwood property. Among other improvements on the farm was a new fourteen-room dwelling house in the course of construction; a new barn, 65 x 225 feet; a seven-room tenant house; and a tool barn, 20 x 40 feet. The plaintiff also had constructed an artificial lake in the vicinity of the barn. Mr. Harris, one of the defendants, was engaged in the training of horses for the purpose of sale. No doubt the character of the buildings located upon the farm, and especially of the large barn which contained thirty-two box stalls 12 x 16 feet each, appealed to the buyer as being especially useful for his horse training purposes. Furthermore, there is evidence that one of the defendants rode over the farm and that the boundaries were pointed out to her. All
 
 *452
 
 these are circumstances that should be, and no doubt were, considered by the appellate court in granting plaintiff his relief.
 

 The journal entry of the Court of Appeals discloses that it attempted to “do equity by reducing the cash purchase price by the amount of $1,644.” No doubt the court was induced to attach this condition because of the following facts testified to at the trial. During the progress of the negotiation, a question arose between the parties as to whether or not there might be an acreage deficiency in the tract described as being 150 acres more or less. A Mr. Morgan, the broker acting for the seller, testified that Mr. Harris declared that the deal could be closed immediately if an allowance of one hundred dollars per acre were made for the acreage deficit. He also testified that Mr. Harris stated that there was “no use of me waiting here to see Mr. Schuholz [vendor], you see Mr. Schuholz and get an agreement if he will allow us $100 an acre for the shortage, and if that is satisfactory with him we can close this deal immediately.”
 

 In view of the peculiar circumstances surrounding the transaction and of supporting probative evidence that the deficiency in acreage was not considered by the parties themselves as being so substantial as to preclude a settlement by payment of a rebate, we are of the opinion that the judgment of the Court of Appeals should be affirmed. The motion of the defendant in error asking the court to strike the bill of exceptions from the files and to dismiss the petition in error is overruled.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.